IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**STEPHANIE DEVAZIER, as class
representative in Sara Stewmon vs. SEECO, Inc.,
Desoto Gathering Company, LLC
and Southwestern Midstream**                                                             **PLAINTIFF**

v.                              Case No. 2:16-cv-00067-KGB

**BEN H. CARUTH**, *et al*.                                                                    **DEFENDANTS**

## OPINION AND ORDER

Plaintiff Stephanie Devazier is the appointed class representative of a state class action ("*Stewmon*") that is pending before the Arkansas Supreme Court (Dkt. No. 59, at 2). *See SEECO, Inc. v. Stewmon*, CV-15-198 (Ark. filed Mar. 11, 2015). Defendants are counsel for both the plaintiff ("*Smith* Class Counsel") and defendants ("*Smith* Defense Counsel") in *Smith v. SEECO, Inc., et al.*, 4:14-cv-435, a federal class action that is currently pending before the Honorable Brian S. Miller of the United States District Court for the Eastern District of Arkansas. On April 11, 2016, Judge Miller entered an order granting *Smith* Class Counsel's second motion for class certification and directed *Smith* Class Counsel to submit a proposed class notice plan within 30 days. By this action, Ms. Devazier seeks to enjoin *Smith* Class Counsel and *Smith* Defense Counsel from communicating directly with any members of the class she purportedly represents, including through Court-approved class notice, which is required under Rule 23 of the Federal Rules of Civil Procedure. Ms. Devazier also requests that the Court order that "any communication involving any of the [*Stewmon* class] be sent only to their duly appointed class counsel, E. Dion Wilson, B. Michael Easley and Timothy R. Holton, or in the alternative, with the express consent of their appointed counsel" (Dkt. No. 52, at 20).

Currently pending before the Court are Ms. Devazier's emergency motion for preliminary injunction, *Smith* Class Counsel's motion to dismiss, *Smith* Defense Counsel's motion to dismiss for lack of standing and failure to state a claim, *Smith* Defense Counsel's renewed motion to dismiss for lack of standing and failure to state a claim, and *Smith* Class Counsel's renewed motion to dismiss (Dkt. Nos. 6; 33; 41; 55; 58).[1]  For the following reasons, the Court grants *Smith* Defense Counsel's renewed motion to dismiss for lack of standing and failure to state a claim and *Smith* Class Counsel's renewed motion to dismiss for lack of standing and failure to state a claim (Dkt. Nos. 55; 58).  All other pending motions are denied as moot.  Ms. Devazier's complaint is dismissed.

I. **Background**

Unless otherwise noted, the following information is taken from the memorandum of law in support of *Smith* Defense Counsel's renewed motion to dismiss for lack of standing and failure to state a claim (Dkt. No. 56).  In recent years, oil and gas royalty owners have filed multiple class action lawsuits against Southwestern Energy Company and its affiliates for the alleged underpayment of royalties.  In 2014, separate Arkansas state courts certified classes in two of these lawsuits:  (1) *Snow v. SEECO, Inc., et al.*, which consisted of "Arkansas **citizens** with particular oil and gas leases[;]" and (2) *Stewmon* v. *SEECO, Inc., et al.*, which consisted of "Arkansas **residents** with the same leases to which no party to the lease is a non-Arkansas resident" (Dkt. No. 56, at 4).  Ms. Devazier is the class representative, and her counsel in this matter is class counsel for the *Stewmon* class.  The class certification orders in *Snow* and *Stewmon* were appealed, and the appeal remains pending before the Arkansas Supreme Court.

---

[1] On June 2, 2016, the Court held a hearing on this matter attended by all parties (Dkt. No. 57).  At the hearing, the Court allowed E. Dion Wilson, counsel for Ms. Devazier, to withdraw his motion to withdraw as counsel (Dkt. No. 37).

Class notice in both *Snow* and *Stewmon* has yet to be approved or sent to potential class members.

On July 25, 2014, Connie Jean Smith, who is not represented by the same counsel as Ms. Devazier, filed a federal class action suit in the Eastern District of Arkansas.  Ms. Smith initially sought to certify "a 'leftovers' class of all royalty owners but the members of the state court *Snow* and *Stewmon* classes" (Dkt. No. 56, at 4).  Her initial request was denied after the Court found that the class was not ascertainable under Rule 23(a).  Ms. Smith later moved for "certification of a class of SEECO cost-bearing royalty owners lacking an Arkansas address or, alternatively, a broader class of all costbearing royalty owners" (Dkt. No. 56, at 5).  On April 11, 2016, Judge Miller certified the broader class, named Ms. Smith as class representative, and appointed her lawyers as class counsel.  Judge Miller acknowledged that "adopting this broader definition overlaps this case's affiliate cases in *Snow* and *Stewmon*, which some scholars have cautioned against."  *Smith v. SEECO, Inc., et al.*, 4:14-cv-435 (E.D. Ark. Apr. 11, 2016) (order granting class certification).  However, Judge Miller preferred certifying the broader class, finding that excluding royalty owners to avoid overlap with *Snow* and *Stewmon* would have "serious practical effects that cannot be understated" and would "promote[] the potential for inconsistent judgments and undercut[] the very purpose of the class action."  *Id.*

On April 26, 2016, Ms. Devazier filed this action in the Circuit Court of St. Francis County, Arkansas (Dkt. No. 1, at 1).  *Smith* Defense Counsel removed the case to this Court on April 28, 2016 (Dkt. No. 1, at 1).  After *Smith* Class Counsel and *Smith* Defense Counsel filed separate motions to dismiss, Ms. Devazier filed an amended complaint in which she alleges that the defendants have acted improperly in this and other unrelated actions (Dkt. No. 52).

While this action was pending, counsel for Ms. Devazier, acting on behalf of an alleged *Smith* class member, attempted to intervene in *Smith v. SEECO, Inc.* to challenge the adequacy of *Smith* Class Counsel and the proposed notice plan. Judge Miller denied the motions, finding that intervention was either unnecessary or premature. *Smith v. SEECO, Inc., et al.*, 4:14-cv-435 (E.D. Ark. June 3, 2016) (order denying motions to intervene without prejudice). Ms. Devazier's counsel filed an interlocutory appeal of Judge Miller's Order as well as a motion to stay *Smith* pending appeal.

## II.     Jurisdiction

As a preliminary matter, the Court must determine whether it has subject matter jurisdiction over this action. Defendants, who removed this case from state court, bear the burden of proving that the jurisdictional threshold is satisfied. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). In their notice of removal and in subsequent filings, defendants argue that the Court has jurisdiction pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442 (Dkt. Nos. 1; 50; 51).[2] The Federal Officer Removal Statute provides that:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in

---

[2] *Smith* Class Counsel did not join in the notice of removal. Under the general removal statute, all defendants who have been served must join in the notice of removal for removal to be procedurally proper. *See Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008) ("The general removal statute . . . has been interpreted to require that all defendants must consent to the removal."). However, the Federal Officer Removal Statute does not require that all defendants consent to removal; instead, a federal officer or agency defendant can remove the case under that statute without unanimous consent. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) ("Whereas all defendants must consent to removal under section 1441, a federal officer or agency defendant can unilaterally remove a case under section 1442.") (internal citations omitted).

>an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue. . . .
>
>(3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties[.]

28 U.S.C. § 1442.  Defendants, who are all private attorneys, do not contend that they are federal officials for the purposes of this action, but rather they contend that they "are persons acting under an officer of the United States, in an official or individual capacity, for or relating to any act under color of such office[,]" making this case removable under § 1442(a)(1) (Dkt. No. 1; ¶ 5).  The federal official they identify is Judge Miller, who has directed defendants to "prepare notices to be sent to members of the class certified in *Smith* v. *SEECO*" (Dkt. No. 1; ¶ 5).  At the Court's hearing on this matter, Ms. Devazier confirmed that she did not take a position as to whether the Court has subject matter jurisdiction over this case.

### A.  Federal District Judge As An Officer Of The United States For The Purposes Of 28 U.S.C. § 1442(a)(1)

The Court must first determine whether an officer of the courts of the United States can be treated as an officer for the purposes of § 1442(a)(1).  Section 1442(a) has four subparts, two of which are relevant to this action.  Under subsection (a)(1), cases are removable if brought against "any officer *(or any person acting under that officer)* of the United States or of any agency thereof . . . for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1) (emphasis added).  Subsection (a)(3) provides that cases are removable if brought against "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties[.]"  Unlike subsection (a)(1), subsection (a)(3) does not provide that cases are removable if brought against any person acting under an officer of the Court.  The defendants, who are private attorneys, do not qualify as officers of the Court for the purposes of

§ 1442(a)(3). *State of Fla. v. Shimek*, 356 F. Supp. 687, 688 (N.D. Fla. 1973) (finding that a private attorney admitted to practice in federal court was not an officer of the court for the purposes of § 1442); *see also Cammer v. United States*, 350 U.S. 399, 405 (1956) (recognizing that, while private attorneys are often called "officers of the court," they are not officers in the same sense as marshals, bailiffs, court clerks or judges). Therefore, for this case to be removable under § 1442, defendants must establish that: (1) Judge Miller qualifies as an officer of the United States under subsection (a)(1); and (2) that they are acting under him.

*Smith* Class Counsel argues that a federal district court judge is indisputably a federal officer (Dkt. No. 41, at 4 n.4) (citing *Jefferson County, Ala. v. Acker*, 527 U.S. 423 (1999)). However, it is not indisputable that a federal district court judge is a federal officer *for the purposes of subsection (a)(1)*. In fact, in *Jefferson County Ala. v. Acker*, the case *Smith* Class Counsel relies upon in support of their assertion that a federal district court judge is a federal officer, the Supreme Court found that a case brought against federal district court judges was properly removed under (a)(3), not (a)(1). *Jefferson*, 527 U.S. at 430. A footnote within *Jefferson* could even be read to suggest that judges may not be federal officers for the purposes of § 1442's other subsections. *Id.* at 430 n.3 ("Other subsections of § 1442 establish similar removal rights for other federal officers.").

However, the Court finds that it has subject matter jurisdiction over this action pursuant to § 1442(a)(1) for three reasons. First, the Court notes *Smith* Class Counsel's argument that the Supreme Court has indicated that "subsection (a)(1) is the operative subsection and generally applicable upon subsections (a)(2)-(4)" (Dkt. No. 51, at 4 n.3). This argument is based on a statement made in *Mesa v. California*, where the Supreme Court wrote that "the specialized grants of jurisdiction in . . . subsections (2)-(4) of § 1442(a) are largely the 'residue' of the pre-

1948, more limited removal statutes now entirely encompassed by the general removal provision of the first clause of subsection (1)." *Mesa v. California*, 489 U.S. 121, 134 (1989) (citing Paul M. Bator et al., The Federal Courts and the Federal System 1057 (3d ed. 1988)).  Second the Eighth Circuit Court of Appeals has found that a case against a federal judge is removable under either subsection (a)(1) or (a)(3).  *Meredith v. Van Oosterhout*, 286 F.2d 216, 219 (8th Cir. 1960).  Third, the Court is cognizant of the fact that § 1442 must be "liberally construed" in favor of jurisdiction, *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007), and "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)," *Willingham v. Morgan*, 395 U.S. 402, 407 (1969).  For these reasons, the Court finds that Judge Miller can be treated as a federal officer for the purposes of § 1442(a)(1).

      **B.**    **Whether Defendants Are "Acting Under" Judge Miller For The Purposes Of 28 U.S.C. § 1442(a)(1)**

In order for this case to be removable pursuant to § 1442(a)(1), defendants must establish that:  (1) they are acting under the direction of a federal officer; (2) there is a causal connection between their actions and the official authority; (3) they have a colorable federal defense to the Ms. Devazier's claims; and (4) they are "people" within the meaning of the statute.  *Jacks v. Meridian Res. Co., LLC*, 701 F.3d 1224, 1230 (8th Cir. 2012).  There can be no dispute that defendants are people within the meaning of the statute.  The Court finds that defendants establish the other three elements, as well.

To satisfy the first element, defendants must demonstrate that the assistance they are providing Judge Miller "goes beyond simple compliance with the law and helps [Judge Miller] fulfill other basic governmental tasks." *Watson*, 551 U.S. at 153.  They must be "helping the Government to produce an item that it needs." *Id.*  Federal Rule of Civil Procedure 23(c)(2)(B) provides that "*the court* must direct to class members the best notice that is practicable under the

circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23 (emphasis added). Judge Miller has directed *Smith* Class Counsel to submit a proposed notice plan and otherwise assist him in providing class notice as is required under Rule 23. The Court finds that, under these circumstances, defendants are not simply complying with the law, but they are acting under the direction of Judge Miller in a way that helps him fulfil a governmental task.

Defendants must also demonstrate that there is a causal connection between the acts Ms. Devazier wishes to enjoin and their official authority. Prior to 2011, "proponents of removal jurisdiction under § 1442 were required to 'demonstrate that the acts for which they [we]re being sued' occurred at least in part '*because of* what they were asked to do by the Government.'" *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Philadelphia*, 790 F.3d 457, 471 (3d Cir. 2015) (alteration in original) (emphasis in original) (quoting *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 137 (2d Cir. 2008)); *see also Jacks*, 701 F.3d at 1230 (citing to *Isaacson* in describing the causation element). However, Congress broadened § 1442 "to encompass suits 'for *or relating to* any act under color of [federal] office.'" *Id.* (alteration in original) (emphasis in original) (quoting § 1442(a)(1)). In the light of Congress's broadening amendment, the Third Circuit Court of Appeals has found "that it is sufficient for there to be a 'connection' or 'association' between the act in question and the federal office." *Id.* Under either standard, the Court finds that the causation element is satisfied. Ms. Devazier seeks to enjoin defendants from assisting Judge Miller in preparing and distributing class notice in *Smith*. They are being sued *because* Judge Miller instructed them to prepare class notice. Their communications with class counsel are *associated* with Judge

Miller's Order certifying the class. Accordingly, the Court finds that the second element is satisfied.

Finally, the Court must determine whether defendants have a colorable federal defense to Ms. Devazier's claim. This element does not require defendants to establish that they have a clearly sustainable federal defense for removal to be proper; § 1442 "is broad enough to cover all cases where federal officers can raise a colorable defense." *Jacks*, 701 F.3d at 1235 (quoting *Willingham*, 395 U.S. at 406-07). *Smith* Class Counsel and *Smith* Defense Counsel both argue that they have a colorable defense to Ms. Devazier's claims based on the Supremacy Clause (Dkt. No. 50, at 9-10; No. 51, at 7). *See Donovan v. City of Dallas*, 377 U.S. 408, 413 (1964) ("[S]tate courts are completely without power to restrain federal-court proceedings in *in personam* actions."). The Court finds that this is a sufficiently colorable defense for the purposes of removal pursuant to § 1442.

The Court finds that defendants are acting under the direction of Judge Miller, that there is a causal connection between their actions and his official authority, that they have a colorable federal defense to Ms. Devazier's claims, and that they are persons. Therefore, this case is removable under § 1442(a)(1), and this Court has subject matter jurisdiction.

### III. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked

by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999). "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

**IV.    Discussion**

Ms. Devazier seeks to enjoin *Smith* Class Counsel and *Smith* Defense Counsel from communicating in any way, including through Rule 23 class notice, with any members of the *Smith* class who are also members of the *Stewmon* class ("*Smith/Stewmon* class members"). She argues that class certification in *Stewmon* established an attorney-client relationship between absent class members and her counsel, and she argues that any communication from *Smith* Class Counsel and *Smith* Defense Counsel sent directly to *Smith/Stewmon* class members would violate Rule 4.2 and 7.3 of the Arkansas Rules of Professional Conduct and Arkansas Rule of Civil Procedure 23.

Ms. Devazier also claims that the class notice proposed in *Smith* is fraudulent and misleading because she alleges that *Smith* Class Counsel and *Smith* Defense Counsel "have entered into an improper agreement which was materially adverse to the interests of [Ms. Devazier] and members of [the *Stewmon*] class" (Dkt. No. 52, at 7). Ms. Devazier alleges that *Smith* Class Counsel and *Smith* Defense Counsel, along with class counsel in *Snow v. SEECO*,

10

*Inc.*, participated in a mediation conference for a global settlement of all claims against SEECO and that they agreed to "hide" these negotiations from Ms. Devazier's counsel (Dkt. No. 52, at 8-9). She asserts that "[t]his collusion has resulted in a breakdown of the adversarial system" and that "the conflict of interests between [*Smith* Class Counsel] and Plaintiff Devazier and her absent class members is obvious and cannot be overlooked" (Dkt. No. 52, at 11; 14). She claims that the proposed class notice in *Smith* "constitutes a fraudulent misrepresentation" because it does not accurately reflect the alleged misconduct by *Smith* Class Counsel and *Smith* Defense Counsel (Dkt. No. 52, at 18). She argues that this Court should enjoin class notice from being sent in *Smith* because "such communications would improperly bypass Devazier and duly appointed class counsel completely, and have the effect of nullifying her appointed position, and violating the duties entrusted to her, and so would also injure her personally, as well as in her representative capacity" (Dkt. No. 52, at 18).

*Smith* Defense Counsel argues that Ms. Devazier's complaint should be dismissed "because she lacks standing, fails to state a claim upon which relief can be granted, and fails to adequately plead any of her last-minute 'misrepresentation,' 'fraud,' and 'conspiracy' theories, let alone with the particularity required by the Rules" (Dkt. No. 56, at 2). *Smith* Class Counsel argues that Ms. Devazier lacks standing and has no right to seek relief on behalf of absent class members.

### A. Standing

The Court must first address whether Ms. Devazier has standing to bring this suit, as "standing is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). Defendants argue

11

that Ms. Davzier lacks standing for two reasons.[3] First, *Smith* Class Counsel argues that Ms. Devazier lacks standing because Ms. Devazier's complaint is based on alleged violations of the Arkansas Rules of Professional Conduct, which "do not confer standing to private citizens like Devazier to commence a case" (Dkt. No. 34, at 2). In response, Ms. Devazier argues that she has special status, as *Stewmon* class representative, to bring claims based on the Arkansas Rules of Professional Conduct (Dkt. No. 49, at 2-4). The Court will address this issue in relation to *Smith* Defense Counsel's argument that Ms. Devazier fails to state a claim.

Defendants also argue that Ms. Devazier lacks standing because she fails to allege how she would be injured if defendants are allowed to communicate with *Smith/Stewmon* class members (Dkt. No. 56, at 8). Going further, they argue that Ms. Devazier "cannot, as a matter of law, allege an injury on behalf of the class she purports to represent," particularly because the absent *Stewmon* class members have not yet been afforded an opportunity to opt-out of representation by Ms. Devazier and her attorneys (Dkt. No. 56, at 8; No. 34, at 2-5). In response, Ms. Devazier asserts that, as *Stewmon* class representative, she "is under an affirmative duty, imposed by law, to act to protect the class" and that "[f]ailure to do so would subject her to liability for breach of that fiduciary duty" (Dkt. No. 59, at 7). She asserts that she has standing to bring this suit because, if she failed to act to prevent *Smith/Stewmon* Class members from receiving "fraudulent and misleading communications" about *Smith v. SEECO*, she would be subject to liability for breach of her fiduciary duty (Dkt. No. 59, at 2).

---

[3] The parties disagree over whether Ms. Devazier or the defendants have the burden of establishing standing in this action (Dkt. No. 56, at 7; No. 49, at 4). This disagreement does not impact the Court's decision. If Ms. Devazier has the burden of establishing standing, the Court finds that she has failed to meet it. Conversely, if the defendants have the burden of establishing that Ms. Devazier does not have standing, they have met their burden.

Standing consists of three elements: (1) injury; (2) causation; and (3) redressability. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992). To have standing based on a future injury, Ms. Devazier must be "*imminently* threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Glickert v. Loop Trolley Transp. Dev. Dist.*, 792 F.3d 876, 881 (8th Cir. 2015) (quoting *Lujan*, 504 U.S. at 560). While imminence is "a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (emphasis in original) (quoting *Lujan*, 504 U.S. at 565 n.2). Thus, the Supreme Court has "repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient." *Id.* (alteration in original) (emphasis in original) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). Future injury is not "certainly impending" if it is speculative. *Whitmore*, 495 U.S. at 157-58; *see also O'Shea v. Littleton*, 414 U.S. 488, 496-98 (1974).

The Court finds that Ms. Devazier's theory that she would be subject to liability for breach of fiduciary duty if she failed to attempt to prevent defendants from communicating with *Smith/Stewmon* class members is too speculative to establish Article III injury in fact. Ms. Devazier essentially argues that *if* Smith Class Counsel and *Smith* Defense Counsel are illegally colluding to settle this case to the detriment of absent class members, and *if* Judge Miller allows them to communicate with *Smith/Stewmon* Class Members, and *if* Ms. Devaizer does nothing to attempt to prevent such communications, and *if* she continues to serve as *Stewmon* class representative after the Arkansas Supreme Court rules on the pending interlocutory appeal, then

13

that *would* constitute a breach of her fiduciary duty as *Stewmon* class representative and she *would* be liable to absent class members. Her theory is based on speculation and conjecture. The Court finds that Ms. Devazier lacks standing to pursue an injunction in this case.

### B. Failure To State A Claim Upon Which Relief Can Be Granted

Even if Ms. Devazier had standing to pursue this claim, the Court would dismiss her complaint. Ms. Devazier's complaint is largely predicated on alleged violations of the Arkansas Rules of Professional Conduct, which cannot be used as a basis for civil liability. *Allen v. Allison*, 356 Ark. 403, 414 (Ark. 2004); *Wills v. City of Mountain Home, Ark.*, No. 3:12-CV-03090, 2013 WL 2634307, at *8 (W.D. Ark. June 12, 2013) (citing *Allen*, 356 Ark. at 414). Ms. Devazier's only other claims against the defendants arise out of her allegations of improper conduct. To the extent that she attempts to raise fraud or misrepresentation claims, this Court declines to pass on the merits of her claims and observes only that she fails to meet the special pleading requirements of Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

In this case, Ms. Devazier essentially alleges that *Smith* Defense Counsel and *Smith* Class Counsel met to discuss a global settlement of the claims of all royalty owners, that they agreed to "hide" these negotiations from Ms. Devazier and her counsel, and that this "collusion" has harmed her and absent members of the class (Dkt. No. 52, at 8-9). She claims that their communications with class members, including through Court-approved Rule 23 class notice:

> [W]ould act to give the absent class members biased and incorrect information about their rights[;] . . . would fail to fully and completely apprise them of the problems with the Caruth Defendants who are appointed as Smith's class counsel[;] . . . [and would] fail to inform them of the direct conflict of interest the Caruth Defendants have as it relates to the absent *Stewmon* class members whose

14

> appointed class counsel and class representatives were specifically excluded from the secret global settlement negotiations.

(Dkt. No. 52, at 18). These are not sufficient allegations of fraud or material misrepresentation. "[T]he language of Rule 9(b) requires a complaint in an action based on fraud . . . to allege all the traditional substantive elements of fraud." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1297 (3d ed.). Under Arkansas law, "[t]he tort of fraud, misrepresentation, or deceit consists of five elements which must be proven by a preponderance of the evidence: (1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance." *Roach v. Concord Boat Corp.*, 317 Ark. 474, 476, 880 S.W.2d 305, 306 (1994). Ms. Devazier does not allege how she or *Smith/Stewmon* class members have been or would be damaged by receiving an as yet unapproved by Judge Miller and unsent class notice in *Smith* or other communications from the defendants. Therefore, her complaint fails to meet the particularity requirement of Rule 9(b).

More importantly, the Court notes that the particularity requirement of Rule 9(b) serves at least three important purposes:

> First, it deters the use of complaints as a pretext for fishing expeditions of unknown wrongs designed to compel *in terrorem* settlements. Second, it protects against damage to professional reputations resulting from allegations of moral turpitude. Third, it ensures that a defendant is given sufficient notice of the allegations against him to permit the preparation of an effective defense.

*Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1010 (8th Cir. 2015). Allowing Ms. Devazier to proceed with this lawsuit simply because she attempts to allege a fraud claim would undermine the purposes underlying Rule 9(b). To this Court, these allegations appear to be an attempt to attack collaterally Judge Miller's Order appointing *Smith*

class counsel and the proposed notice plan. The Court will not permit such a collateral attack to proceed under the guise of the claims Ms. Devazier unsuccessfully attempts to allege here.

### V.     Conclusion

For these reasons, the Court concludes that is has jurisdiction over this dispute. The Court also finds that Ms. Devazier lacks standing to pursue this case. Even if she had standing, Ms. Devazier's complaint would be dismissed for failure to state a claim. *Smith* Defense Counsel's renewed motion to dismiss for lack of standing and failure to state a claim and *Smith* Class Counsel's renewed motion to dismiss for lack of standing and failure to state a claim are granted (Dkt. Nos. 55; 58). This action is dismissed.

So ordered this 13th day of July, 2016.

_____
Kristine G. Baker
United States District Judge